IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Augustin Carbajal-Martinez, | Case No. 4:12 CV 2333 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| United States of America, | |
| Respondent. | |

## INTRODUCTION

*Pro se* Petitioner Augustin Carbajal-Martinez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651 (Doc. 1). Petitioner is in federal custody at the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio. He names the United States of America as Respondent.

Petitioner contends he is serving an illegal sentence. He requests an Order from this Court modifying or amending his sentence. For the reasons set forth below, the Petition (Doc. 1) is denied.

## BACKGROUND

In 2006, Petitioner was indicted on one count of illegal re-entry following deportation in violation of 8 U.S.C. § 1326(b)(4). *United States v. Carbajal-Martinez,* No. 3:06 cr 313 (E.D. Va., filed Aug. 23, 2006). Petitioner pled guilty before Judge Richard Williams on November 14, 2006, and was sentenced on March 7, 2007 to serve ninety-six months in prison, followed by three years supervised release.

Petitioner timely appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed the district court's judgment and later denied a Motion for Reconsideration. *United States v. Carbajal-Martinez*, No. 07-4287 (4th Cir. 2007).

More than two years later, Petitioner filed a Motion for Reduction of Sentence Under the Fair Sentencing Act of 2010 (*id.* at Doc. 36). The district court construed the Motion as one for relief pursuant to 18 U.S.C. § 3582(c)(2), and denied the Motion in July 2010 (*id.* at Doc. 42).

Petitioner next filed in November 2010 a Motion to Vacate Sentence and a Motion for Reduction of Sentence based on an amendment to the United States Sentencing Guidelines ("Guidelines") (*id.* at Docs. 44–45). The district court denied both Motions in June 2011 based on the same reasoning outlined in its earlier July 2010 Order (*id.* at Doc. 52). The district court issued a Final Order in May 2012 denying the Motion to Vacate and denying a certificate of appealability (*id.* at Doc. 55). Petitioner again appealed to the Fourth Circuit, which denied Petitioner a certificate of appealability and dismissed his appeal by mandate in October 2012 (*id.* at Doc. 59).

Petitioner now asserts his attorney's ineffective representation misled him to plead guilty and to agree to an invalid sentence. Citing *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), Petitioner claims his attorney's failure to fully advise him of the consequences of his guilty plea meets the threshold test for ineffective assistance of counsel. As quoted in *Padilla*, Petitioner suggests his attorney's ineffectiveness was established not only by "affirmative misadvice, but also to the extent that he alleged omissions . . . ." *Id*. at 1484. Without providing legal support, Petitioner states his attorney was obligated to recommend his eligibility for a downward sentence departure under the Department of Justices's Fast-Track Program ("Program").

2

Petitioner alleges he first became aware of the Program in February 2012 when he received a copy of a *Memorandum for All United States Attorneys* (Doc. 1-2), dated January 31, 2012, and signed by Deputy Attorney General James Cole (attached to Petition). The Program was developed within the DOJ to provide prosecutors discretion in handling the large volume of criminal immigration cases arising along the southwest border of the United States. Eventually, the Prosecutorial Remedies and Others Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-066, was passed to "authoriz[e] downward sentence departures of no more than four levels" as a provision of the Guidelines. Petitioner believes he meets all eligibility requirements and should have received a four-level downward departure under the terms of the Program.

Finally, Petitioner claims an amendment to U.S.S.G. § 5K3.1 demonstrates that the district court improperly enhanced his base offense level by four points under U.S.S.G. § 2L1.2. He alleges the amendment should have qualified him for consideration under the Program. He maintains the Government's failure to disclose his eligibility for consideration under the Program caused an erroneous calculation of his sentence under the Guidelines.

## STANDARD OF REVIEW

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such

disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## DISCUSSION

A court has jurisdiction over a Section 2241 habeas petition only if it has personal jurisdiction over the petitioner's custodian. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 495 (1973). Petitioner is incarcerated at NEOCC. For purposes of habeas review, his custodian is the warden of the facility where he is being held. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004). Because this Court has personal jurisdiction over the warden at NEOCC, this matter is properly before this Court.

Ordinarily, 28 U.S.C. § 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while 28 U.S.C. § 2241 is appropriate for claims challenging the execution or manner in which the sentence is being carried out. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). However, a federal prisoner may challenge the validity of his conviction or sentence under Section 2241 if Section 2255 is "inadequate or ineffective to test the legality of his detention" under the "savings clause" of Section 2255. *Id.*; 28 U.S.C. § 2255(e). Petitioner argues his remedy under Section 2255 is inadequate because he is time-barred and was unaware of his innocence claim until he received the DOJ's Memorandum about the Program in February 2012.

"Inadequate or ineffective" requires more than a showing that filing a Section 2255 motion is no longer convenient or has been foreclosed. Section 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). Further, the remedy is not considered inadequate or ineffective simply because Section 2255 relief has already been denied, *see Tripati v.*

4

*Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), or because the petitioner is procedurally barred from pursuing relief under Section 2255, *see Garris v. Lindsay*, 794 F.2d 722, 726–27 (D.C. Cir. 1986) (per curiam), or because the petitioner has been denied permission to file a second or successive motion to vacate, *see In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Here, Petitioner is procedurally barred from filing another motion to vacate in the Eastern District of Virginia, the district court that sentenced him. He argues he is entitled to relief because his attorney's incompetence persuaded him to accept a longer sentence than he would have been required to serve under the Program, and his attorney should have advised him of his eligibility for consideration under the Program. Petitioner argues the Program would have reduced his sentence such that his term of imprisonment would now be completed and his continued detention is therefore illegal.

To date, the only circumstance under which a prisoner may invoke the savings clause of Section 2255 and proceed under Section 2241 is if he can show an intervening change in the law establishes his actual innocence. *See Lott v. Davis*, 2004 WL 1447645, at *2 (6th Cir. 2004) ("[I]t appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."); *see also Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). "To establish actual innocence, 'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "Actual innocence" in this regard means factual innocence, not mere legal insufficiency. *Id*.

Citing *Wooten v. Cauley*, 677 F.3d 303 (6th Cir. 2012), Petitioner claims this Circuit has permitted claims like his under the Section 2255 savings clause. Although *Wooten* did involve such

5

a challenge, the similarity to Petitioner's case ends there. This Circuit permitted Wooten to challenge his conviction under Section 2241 because it determined the Supreme Court's new interpretation of a money laundering statute in *United States v. Santos*, 553 U.S. 508 (2008) was a retroactive substantive change of law. *Wooten*, 677 F.3d at 308. As such, *Santos* applied on collateral review to Wooten's prior *conviction. Id.*

Unlike *Wooten*, Petitioner had numerous opportunities to challenge his conviction and sentence before seeking relief from this Court under Section 2241. Moreover, he does not profess he was convicted of engaging in any act that is no longer considered criminal. Only where a substantive federal criminal statute no longer prohibits certain conduct may prisoners argue they are actually innocent of a conviction. *Bousley v. United States*, 523 U.S. 614, 620 (1998) (holding that the savings clause exists to avoid the significant risk that defendants who stand convicted of "an act that the law does not make criminal" still have access to judicial review) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The fact that Petitioner may not have discovered the Program until 2012 is no excuse for procedurally defaulting this claim. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (outlining reasons *pro se* litigant failed to establish cause to excuse procedural default).

Finally, Petitioner is not "actually innocent" because his attorney improperly counseled him regarding the terms of his guilty plea and sentence. *See Charles*, 180 F.3d at 757 (holding that invalid guilty plea and ineffective assistance of counsel claims are not claims of actual innocence). Rather, Petitioner challenges the legality of his sentence. This claim cannot be collaterally attacked under the guise of actual innocence. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (declining to grant Section 2255 relief on a defaulted claim of sentencing error because there was "no breakdown of the trial process").

6

## CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is denied pursuant to 28 U.S.C. § 2243. Further, this Court certifies that an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 22, 2013
